IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTON YOUNG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 2:08cv544-WHA |
| ) | |
| HYUNDAI MOTOR ) | (WO) |
| MANUFACTURING ALABAMA, LLC, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION**

### **I. INTRODUCTION**

This cause is before the court on a Motion to Remand and Request for Costs and Attorney's Fees (Doc. #8), filed by the Petitioner, Anton Young ("Young"), on August 1, 2008.

The Petitioner originally filed a Petition for Pre-Suit Discovery Pursuant to Rule 27 of the Alabama Rules of Civil Procedure ("Rule 27 Petition") against the Defendant, Hyundai Motor Manufacturing Alabama, LLC ("Hyundai"), in the Circuit Court of Montgomery County, Alabama on June 27, 2008. Young's petition requests discovery in the form of interrogatories, production of documents and deposition(s), with the stated purposes of ascertaining the identity of the proper parties to the suit and avoiding a frivolous lawsuit if no claim exists against Hyundai.

The Defendant filed a Notice of Removal on July 9, 2008 (Doc. #1) on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, claiming Young's Rule 27 Petition is a removable civil action and its jurisdictional qualifications for removal should be determined by the contemplated action for which Young seeks investigatory discovery. Hyundai asserts its

belief that the contemplated action will seek an amount in excess of $75,000 and be between citizens of different states.

Young filed his Motion to Remand, Request for Costs and Attorney's Fees, contending that the Rule 27 Petition "is not a 'civil action' under the federal statutes governing removal and, because the Petitioner seeks no damages and asks for no money, Hyundai cannot establish the amount in controversy."  The Motion is now under submission.

For reasons to be discussed, the Motion to Remand is due to be GRANTED.  The Request for Attorney's Fees is due to be DENIED.

## II.  MOTION TO REMAND STANDARD

Removal to federal court is proper for "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984).  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States.  *See Kokkonen*, 511 U.S. at 377.  Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.  *See Burns*, 31 F.3d at 1095.

## III.  FACTS

The facts, as they pertain to the Motion to Remand, are as follows:

The Petitioner, Young, is employed by the Defendant, Hyundai.  On or about November

21, 2006, while at work, Young was involved in an accident involving heavy machinery in an area known as "the pit." As there is no complaint, and because Young has made no formal allegations against Hyundai, the cause and specifics of Young's injuries are not readily ascertainable from the documents filed in this case. It appears based on exhibits attached by Hyundai that, whatever the specifics of Young's injury, he has provided Hyundai with documentation of medical bills totaling more than $75,000.

It is alleged by Hyundai, and not disputed by Young, that Young is a resident citizen of Alabama and Hyundai is a resident citizen of California.

## IV.  DISCUSSION

### A.  Motion to Remand

Rule 27 of the Alabama Rules of Civil Procedure ("Rule 27") permits a person to file a verified petition seeking permission to obtain pre-suit discovery to "perpetuate that person's own testimony or that of another person or to obtain discovery under Rule 34 or Rule 35 regarding any matter that may be cognizable in any court of this state." Ala. R. Civ. P. 27(a)(1). "If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order . . . ." Ala. R. Civ. P. 27(a)(3). Though the stated purpose of Rule 27 is the perpetuation of testimony, it has been construed as being broader than its federal counterpart in this respect. *Ex parte Anderson*, 644 So. 2d 961, 964-65 (Ala. 1994). Where the federal rule strictly limits pre-suit discovery to perpetuation purposes, Rule 27 permits persons to seek pre-suit discovery for the purpose of investigating and evaluating a potential claim. Id. at 964.

The court is faced with the open issue of whether a Rule 27 Petition seeking pre-suit discovery in state court is removable to federal court. Although the Eleventh Circuit has not

3

spoken on this particular facet of removal jurisdiction, the lone district court in the Eleventh Circuit to address the issue held that "the petition itself is not a civil action and, therefore, is not subject to removal." *In re Hinote*, 179 F.R.D. 335, 366 (S.D. Ala. 1998) (Butler, J.). In *Hinote*, the defendants sought removal of a Rule 27 Petition where the contemplated action involved an employee benefit program based on federal question jurisdiction, arguing that the action would be preempted by federal law. The court reasoned that the removal of a petition for pre-suit discovery would amount to "removal of a civil action before the action was filed" and declined to "expand removal jurisdiction to the pre-litigation realm." Id. at 335. The court finds Hinote's reasoning persuasive and, accordingly, adopts its conclusions.

The plain language of Rule 27 indicates that a petition under its purview falls short of a civil action. Rule 27 is entitled "Discovery Before Action or Pending Appeal." Rule 27(a) is similarly titled "Before Action." Notably, Rule 27 carefully avoids labeling those involved as "petitioner," "defendant," or even "parties." Rather, Rule 27 refers to a "petitioner," "persons named in the petition" and persons "the petitioner expects to be parties." Ala. R. Civ. P. 27(a). Rule 27 also makes clear that the "petitioner" and "the persons named in the petition" are not yet adverse, but are merely "expected to be adverse." The removal statutes, however, refer to "parties" and state that actions may be removed by "the defendant or defendants." 28 U.S.C. §§ 1441(a), 1446(a).

Several district courts from other circuits have addressed the removability of pre-suit discovery petitions. Though some have held otherwise, *see, e.g., In re Texas*, 110 F.Supp. 2d 514, 522-23 (E.D. Tex. 2000) (finding a petition for pre-suit discovery is a civil action under the removal statutes), *rev'd on other grounds, sub nom., Texas v. Real Parties in Interest*, 259 F.3d

387, 395 (5th Cir. 2001), a majority, including other Texas district courts, have followed the view that state court petitions for pre-suit discovery are not removable civil actions.  *See, e.g., Sawyer v. E.I. Du Pont De Nemours, and Co.*, No. 06-1420, 2006 WL 1804614, *2 (S.D. Tex. June 19, 2006) (holding that a pre-suit discovery petition ordinarily is not a removable civil action); *Mayfield-George v. Tex. Rehab. Comm'n*, 197 F.R.D. 281, 283 (N.D. Tex. 2000) (finding a pre-suit discovery petition lacks characteristics of a civil action); *Hasty v. Allstate Ins. Co.*, No. 1:06cv930, 2007 WL 1521126, at *1 (S.D. Miss. May 23, 2007) (remanding petition for pre-suit disclosure); *Bryan v. America West Airlines*, 405 F. Supp. 2d 218, 222 (E.D.N.Y. 2005) (rejecting the removal of state pre-action discovery applications); *Barrows v. American Airlines, Inc.*, 164 F. Supp. 2d 179,182 (D. Mass. 2001) ("It is therefore without dispute that Rule 27 petitions are not removable to federal court.").  These cases are uniform in holding that pre-suit discovery petitions assert no claim or cause of action upon which relief can be granted and, therefore, fail to initiate a civil action. *See, e.g.*, *Bryan*, 405 F. Supp. 2d at 222; *Barrows*, 164 F. Supp. 2d at 182; *Mayfeild-George*, 197 F.R.D. at 283.

  Further informing the court's decision is *Wilson v. Belin*, 20 F.3d 644 (5th Cir. 1994).  In *Wilson*, the Fifth Circuit rejected a contention that removal of the case was untimely, and held, in footnote eight, that a bill of discovery, filed in state court two months before the resulting suit which was removed, was not an "initial pleading setting forth the claim for relief" that triggered the defendant's removal clock under 28 U.S.C. § 1446(b).  In its attempt to sidestep the *Wilson* footnote, the *In re Texas* court argued that a pre-suit discovery petition may be a removable "civil action" under 28 U.S.C. § 1441, but at the same time not qualify as an "initial pleading" that triggers the 30-day removal window under § 1446(b). 110 F.Supp. 2d at 523.  This interpretation

takes too expansive a view of removal.  Under *In re Texas*, a "defendant" may remove a pre-suit discovery petition at any point in the pre-suit discovery process, creating a procedural void that too easily lends itself to gamesmanship and expands1446(a)'s 30-day removal window to one of indeterminable length.  The better interpretation of *Wilson* is that 1446(a)'s "initial pleading" refers to the *first* removable pleading in a civil action and any filing prior to 1446(a)'s initial pleading is, therefore, not removable.  This court adopts the Fifth Circuit's reasoning and find that pre-complaint discovery petitions are not  "initial pleading[s]" under 1446(b) and are, therefore, not removable.

Of additional concern in determining the removability of a Rule 27 Petition based on diversity jurisdiction is anticipating whether the claim being investigated is likely to ripen into a case over which it has original jurisdiction.  Here, while it appears the underlying claim will likely satisfy the amount in controversy requirement, the likely parties to that action are not entirely clear, making diversity jurisdiction over the contemplated action speculative.  The court finds this kind of judicial fortune-telling  inconsistent with the court's duty to remand where jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

Furthermore, the court notes that the Petitioner would be unable to proceed under Fed. R. Civ. P. 27 if removal were allowed, since the federal rule expressly allows only the pre-complaint perpetuation of testimony and not pre-complaint discovery of evidence, as the Petitioner seeks here.  See as directly on point the decision of another judge in this district, *In re Petition of Sheila Roberts Ford*, 170 F.R.D. 504 (M.D. Ala. 1997) (Thompson, J.), and the cases cited therein.[1]

---

[1] The court expresses no opinion as to whether the discovery sought herein exceeds the permissible scope of pre-complaint discovery available under the state rule.  That is a matter for the state court.

This court previously has held that "[a] court must strictly construe the requirements of the removal statute, as removal constitutes an infringement on state sovereignty." *Newman v. Spectrum Stores, Inc.*, 109 F. Supp. 2d 1342, 1345 (M.D. Ala. 2000); *see also York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989); *Adams v. Aero Servs. Int'l, Inc.*, 657 F. Supp. 519, 521 (E.D. Va. 1987).  Because federal courts are courts of limited jurisdiction with a persisting concern for federalism, there is often a need for seemingly "arbitrary and unfair" "bright line limitations on federal removal jurisdiction."  *Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).  The Eleventh Circuit, and this court, view such limitations as an inevitable result of the strict construction of the right to remove.  *See id.*  This particular limitation, grounded in the language of Rule 27, is, in the court's opinion, neither arbitrary nor unfair, and most prudent in light of its policy of strictly construing removal statutes.

**B.**     **Request for Costs and Attorney's Fees**

Section 1447(c) provides, in relevant part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).   A district court may award attorneys' fees against a defendant for improper removal where subject matter jurisdiction is "patently lacking." *See Grace v. Interstate Life & Accident Ins. Co.*, 916 F. Supp. 1185, 1192 (M.D. Ala. 1996).

In this case, the court declines to exercise its discretion to award attorneys fees and costs.  Although the court found that the case was due to be remanded because it opted to follow the reasoning of another district court in the circuit and was not persuaded by the cases taking the contrary position, the court finds that the Defendant had a reasonably arguable basis for seeking removal based on a split in authority.  Consequently, jurisdiction was not patently lacking.

## V.  CONCLUSION

For the reasons discussed, Petitioner's Motion to Remand (Doc. #8) is due to be GRANTED.  The Petitioner's Request for Costs and Attorney's Fees is due to be DENIED.  A separate Order will be entered in accordance with this Memorandum Opinion.

DONE this 11th day of September, 2008.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE